BOBBY R. BLAIN,

        Plaintiff,

  v.

        Case No. 25-cv-62-pp

MILWAUKEE COUNTY HIGHWAY
MAINTENANCE DEPARTMENT,
CORPORATE COUNSEL,
DAWON AVERHEART and GREG HEISLE,

        Defendants.

## ORDER GRANTING MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND DISMISSING CASE

On January 14, 2025, the plaintiff—who is representing himself—filed a complaint alleging that the defendants violated the Americans with Disabilities Act (ADA) when the Milwaukee County Highway Maintenance Department terminated his employment. Dkt. No. 1. The same day, the plaintiff filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee, but will dismiss the case as duplicative of Blain v. Milwaukee County, Case No. 22-cv-1142 (E.D. Wis.).

**I.    Motion to Proceed Without Prepaying the Filing Fee (Dkt. No. 2)**

An indigent federal plaintiff "may commence a civil action without prepaying fees or paying certain expenses." Coleman v. Tollefson, 575 U.S. 532, 534 (2015). To qualify to proceed without prepaying the filing fee, a plaintiff

1

must fully disclose their financial condition, and must do so truthfully under penalty of perjury. See 28 U.S.C. §1915(a)(1) (requiring the person seeking to proceed without prepayment to submit "an affidavit that includes a statement of all assets [they] possess[]").

The plaintiff's affidavit states that he is widowed with no dependents. Dkt. No. 2 at 1. He states that he is not employed but identifies his total monthly wages or salary as $2,365, $1,509 of which is from Social Security. Id. at 1–2. The plaintiff has monthly expenses totaling $2,145, including $766 in mortgage, $120 in credit card payments, $587 in household expenses, $689 for life insurance and $102 for auto insurance. Id. at 2–3. The plaintiff states that he owns a car and a home, and has approximately $500 in cash, checking or savings accounts. Id. at 3.

Based on the information in the plaintiff's affidavit, the court concludes that the plaintiff does not have the ability to prepay the filing fee. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee. The court advises the plaintiff, however that he still is responsible for paying the filing fee over time. Robbins v. Switzer, 104 F.3d 895, 898 (7th Cir. 1997). When a court grants a motion allowing a plaintiff to proceed without prepaying the filing fee, it means only that the person does not have to pre-pay the full filing fee up front; the plaintiff still owes the filing fee. See Rosas v. Roman Catholic Archdiocese of Chi., 748 F. App'x 64, 65 (7th Cir. 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without *prepayment* of fees,' but not without *ever* paying fees.") (emphasis in original)).

## II.     Screening the Complaint

The court next must decide whether the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

The court must dismiss this case on *res judicata* grounds. "Where a final judgment has been rendered on the merits of a claim, res judicata protects the finality of that judgment and prevents parties from undermining it by attempting to relitigate the claim." Palka v. City of Chicago, 662 F.3d 428, 437 (7th Cir. 2011). "In federal court res judicata has three elements: (1) an identity of parties; (2) a final judgment on the merits; and (3) an identity of the cause of action (as determined by comparing the suits' operative facts)." Id. (citing U.S. ex rel. Lusby v. Rolls–Royce Corp., 570 F.3d 849, 851 (7th Cir. 2009)). "[S]ummary judgment is a final judgment on the merits for purposes of claim preclusion." Qualls v. NIU Bd. of Trs., 272 F. App'x 512, 513–14 (7th Cir. 2008) (citing Spiegel v. Cont'l Ill. Nat'l Bank, 790 F.2d 638, 645 (7th Cir. 1986)).

In Case No. 22-cv-1142, the plaintiff filed a complaint against the Milwaukee County Highway Maintenance Department, Corporate Counsel, Dawon Averheart and Greg Heisle, asserting claims of discrimination under the ADA based on an allegedly disabling back injury and under Title VII based on allegations that the county fired him, at least in part, because of his race. Blain v. Milwaukee County, Case No. 22-cv-1142, Dkt. No. 1. Judge Brett H. Ludwig

3

granted summary judgment for Milwaukee County[1] on all claims, finding that the plaintiff had released Milwaukee County from all claims of discrimination related to his employment with the county under a 2019 settlement agreement. Blain, Case No. 22-cv-1142, Dkt. No. 50 at 8. The court entered a final judgment on October 29, 2024. Id., Dkt. No. 51. The plaintiff has appealed that order and judgment to the Seventh Circuit; the appeal remains pending. Blain v. Milwaukee County, Appeal No. 24-3088 (7th Cir.).

All the elements of *res judicata* are present here. The parties are the same in both cases. The cause of action is the same in both cases; in fact, the allegations in both this complaint and the amended complaint in the prior case are nearly verbatim. Compare Dkt. No. 1 with Blain, Case No. 22-cv-1142, Dkt. No. 6. The court granted summary judgment in Case No. 22-cv-1142, which is a final judgment on the merits. The fact that the plaintiff's first case is on appeal does not save this second case because "the fact that an appeal was lodged does not defeat the finality of the judgment." Ross *ex rel.* Ross v. Bd. of Educ. of Twp. High Sch. Dist. 211, 486 F.3d 279, 284 (7th Cir. 2007) (citing 18A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure §4433 at 78–79 & n. 11 (2d ed. 2002)). This case is barred by *res judicata*, and the court must dismiss it.

---

[1] The court dismissed defendants Dawon Averheart and Greg Heisle at screening because individuals are not employers under Title VII or the ADA. Blain, Case No. 22-cv-1142, Dkt. No. 7 at 4. The court substituted Milwaukee County for the "Milwaukee County Highway Maintenance Department" because the latter is not a suable entity separate from Milwaukee County. Id. at 3.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **ORDERS** that the case is **DISMISSED** as duplicative of Case No. 22-cv-1142.

Dated in Milwaukee, Wisconsin this 13th day of May, 2025.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**